UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JOHNSON,

       Plaintiff,                            Case No.

v.

NATIONSTAR MORTGAGE, LLC,

       Defendant.
_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KEVIN JOHNSON (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Kevin Johnson, is a natural person who resides in Lee County, Florida, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Nationstar Mortgage, LLC, is a foreign limited liability company operating from a principal address of 8950 Cypress Waters Boulevard, Coppell, TX 75019 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Defendant is a "debt collector" as defined by the aforementioned statutes because, as a mortgage servicer, Defendant regularly collects mortgage debts due to others, to wit, mortgage owners. Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTS

6. On or about August 5, 2005, Plaintiff incurred a debt to Countrywide Home Loans, Inc. ("Countrywide") in the amount of $48,615.00.

7. Plaintiff used the money borrowed from Countrywide to purchase residential property located at 56 Terry Ave S, Lehigh Acres, FL 33972 (the "Subject Property"), which Plaintiff used as his homestead.

8. Accordingly, the debt incurred to Countrywide (the "Debt") was incurred primarily for personal, family, or household purposes and is a consumer debt as that term is defined by the FDCPA and the FCCPA.

9. Subsequently, Countrywide was purchased and/or acquired by Bank of America, N.A. ("BOA"), which assumed Countrywide's assets and liabilities, including the right to payment of the Debt from Plaintiff.

10. Plaintiff vacated the Subject Property on or about August 2011.

11. Prior to September 27, 2013, due to financial constraints, Plaintiff fell behind on payments of the Debt to BOA. Plaintiff thus defaulted on the Debt, eventually causing

him to file bankruptcy.

12. On September 27, 2013, Plaintiff sought protection from his creditors by filing a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division. *See* **Exhibit "A"** attached hereto.

13. In the schedules filed with the petition in his bankruptcy case, the Debt was listed as being owed to BOA in the amount of $45,893.00 on a deficiency balance resulting from foreclosure of the mortgage on the Subject Property. *See* **Exhibit "B"** attached hereto.

14. BOA was duly listed on the mailing matrix filed with Plaintiff's bankruptcy petition. *See* **Exhibit "C"** attached hereto.

15. Plaintiff received an order discharging his debts in the Chapter 7 bankruptcy case, including the above-described Debt related to the mortgage loan on the Subject Property, on January 3, 2014. The certificate of notice clearly shows that the order of discharge was mailed to BOA at two different physical addresses. *See* **Exhibit "D"** attached hereto.

16. At no time during Plaintiff's bankruptcy case did BOA, the Defendant, or any other party challenge the dischargeability of the Debt or object to discharge of the Debt.

17. On or about June 27, 2016 – *after Plaintiff had defaulted on the Debt and had discharged same through his bankruptcy* – BOA transferred servicing of the mortgage loan to Defendant, who sent Plaintiff a letter dated July 12, 2016, notifying him of such transfer. *See* **Exhibit "E"** attached hereto. Accordingly, Defendant stood in the shoes of BOA with respect to matters related to collection of the subject debt from Plaintiff.

18. Thereafter, Defendant sent Plaintiff an "Informational Statement" dated July 15, 2016, which stated the amount due to Defendant on the mortgage loan was $38,265.72. The Informational Statement included a tear-off payment coupon which stated the total

amount due on August 1, 2016, was $38,265.72, and further stated that the total due would be $38,277.69 if payment was received on or after August 17, 2016. Defendant has sent Plaintiff a substantially similar statement every month since then, and each month the amount demanded by Defendant increases. *See* **Composite Exhibit "F"** attached hereto.

19. The Informational Statements sent by Defendant contain the following language: "This statement is sent for information purposes only and is not intended as an attempt to collect, assess, or recover a discharged debt from you, or as a demand for payment from any individual protected by the United States Bankruptcy Code. If this account is active or has been discharged in a bankruptcy proceeding, be advised this communication is for information purposes only and is not an attempt to collect a debt. Please note, however Nationstar reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation." *See* Composite Exhibit "F".

20. The Informational Statements also include an amount due, a payment due date, and most notably, a tear-off coupon which Defendant instructed Plaintiff to detach and include with his payment. *See* Composite Exhibit "F".

21. In addition to the Informational Statements, Defendant has been placing calls to Plaintiff in an effort to collect the Debt. Specifically, Plaintiff has received the following calls from (877) 782-7612:

    a. September 9, 2016 at approx. 2:26 pm

    b. September 15, 2016 at approx. 3:35 pm

    c. September 16, 2016 at approx. 5:52 pm

      d. September 29, 2016 at approx. 12:02 pm

      e. October 4, 2016 at approx. 5:36 pm

22. The above-detailed phone calls were placed by Defendant for the specific purpose of collecting the Debt from Plaintiff, as Defendant's representatives made demand for payment during each phone call. During one such phone call, when Plaintiff indicated that he had been discharged of the Debt in bankruptcy, *Defendant's representative specifically told him that the bankruptcy discharge did not matter, and Plaintiff was still obligated to pay the Debt.*

23. Given the fact that (1) the Debt is in connection with a mortgage loan on property that was surrendered by the Plaintiff in bankruptcy; (2) the Plaintiff no longer resides at the Subject Property and no longer has any interest in the subject property; (3) there is a detachable payment coupon included with each Informational Statement indicating a "total amount due" of upwards of $38,000.00; and (4) the statements were accompanied by phone calls which acknowledged the discharge but still specifically attempted to collect the Debt from Plaintiff, *there can be no other reason for Defendant to send such billing statements other than for the purpose of collecting a debt that is no longer owed.* See also Roth v. Nationstar Mortgage LLC, 2016 WL 3570991, *3 (M.D. Fla. 2016) ("it is in fact difficult to conceive of any credible reason for Nationstar to send the Informational Statement other than to pressure Plaintiff into making payments on the mortgage debt for which personal liability had already been discharged").

24. Further, Plaintiff submits that Defendant's conduct as alleged herein is part of Defendant's pattern and practice of sending billing statements to debtors who have been discharged in bankruptcy, in an effort to dupe unsophisticated consumers into paying debt for which they

are no longer legally responsible. Indeed, this is not the first time Defendant has been brought before this Court for such conduct. *See Roth v. Nationstar Mortgage LLC*, 2:15-cv-00508-SPC-CM; *Roth v. Nationstar Mortgage LLC*, 2:15-cv-00783-JES-MRM; *Galle v. Nationstar Mortgage LLC*, 2:16-cv-00407-SPC-CM. Accordingly, Defendant's actions as alleged herein appear to be taken in such willful defiance of both state and federal consumer protection laws and consumers' rights thereunder that punitive damages must be assessed against the Defendant.

25. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

26. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

27. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

29. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

30. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

31. Defendant violated § 559.72(9) by sending the Informational Statements to Plaintiff in an

attempt to enforce debt that had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed to Defendant.

32. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

33. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

34. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby asserts a demand for same.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

35. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

37. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

38. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when

Defendant knows it does not exist.

39. Defendant violated § 559.72(9) by calling Plaintiff on September 9, 2016 at approximately 2:26 pm in an effort to collect the Debt that was discharged in bankruptcy and thus no longer legally owed.

40. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

41. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

42. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby asserts a demand for same.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

43. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

45. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

46. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

47. Defendant violated § 559.72(9) by calling Plaintiff on September 15, 2016 at approximately 3:35 pm in an effort to collect the Debt that was discharged in bankruptcy and thus no longer legally owed.

48. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

49. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

50. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby asserts a demand for same.

### COUNT IV
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

51. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

53. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from

the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

54. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

55. Defendant violated § 559.72(9) by calling Plaintiff on September 16, 2016 at approximately 5:52 pm in an effort to collect the Debt that was discharged in bankruptcy and thus no longer legally owed.

56. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

57. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

58. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby asserts a demand for same.

### COUNT V
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

59. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

61. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

62. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

63. Defendant violated § 559.72(9) by calling Plaintiff on September 29, 2016 at approximately 12:02 pm in an effort to collect the Debt that was discharged in bankruptcy and thus no longer legally owed.

64. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

65. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

66. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby asserts a demand for same.

## COUNT VI
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.72(9)

67. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

69. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

70. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

71. Defendant violated § 559.72(9) by calling Plaintiff on October 4, 2016 at approximately 5:36 pm in an effort to collect the Debt that was discharged in bankruptcy and thus no longer legally owed.

72. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

73. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

74. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff

asserts that punitive damages are appropriate in this case, and hereby asserts a demand for same.

## COUNT VII
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

75. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

77. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

78. Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by sending the Informational Statements, which falsely alleged that the Debt was owed despite the fact that it had been discharged in Plaintiff's bankruptcy.

79. Defendant further violated 15 U.S.C. § 1692e(2)(A) by calling Plaintiff and representing that the discharged Debt remained owed, and attempting to enforce such Debt by demanding payment for same.

80. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

81. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

### COUNT VIII
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

82. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

84. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

85. Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by sending the Informational Statements, which demanded payment the legally discharged Debt.

86. The statements sent by Defendant were deceptive in that they asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that he must pay such debt.

87. Defendant further violated 15 U.S.C. § 1692e(10) by calling Plaintiff and representing that the discharged Debt remained owed, and attempting to enforce such Debt by demanding payment for same.

88. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

89. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT IX
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

90. Plaintiff incorporates by reference 1 – 26 of the paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

92. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

93. Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by sending the Information Statements, which were attempts to coerce payment on the Debt, when Defendant knew that the Debt had been discharged in Plaintiff's bankruptcy.

94. The statements sent by Defendant were unfair and unconscionable in that they gave Plaintiff the impression that such debt remained owed despite the bankruptcy discharge,

and further asserted a "total amount due" and included detachable payment coupons, giving Plaintiff the impression that he must pay such debt.

95. Defendant further violated 15 U.S.C. § 1692f by calling Plaintiff and representing that the discharged Debt remained owed, and attempting to enforce such Debt by demanding payment for same.

96. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

97. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

98. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of punitive damages pursuant to Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of actual damages for Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial;

- for an injunction against further improper collection efforts; and

- for such other and further relief as may be just and proper.

*Respectfully submitted,*

Dated: April 13, 2017

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By: /s/ Joseph C. LoTempio
Joseph C. LoTempio, Esq.
Fla. Bar No. 0086097
jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida    )
                    ) ss
COUNTY OF Lee       )

Plaintiff, KEVIN JOHNSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
KEVIN JOHNSON

Subscribed and sworn to before me this 7th day of April, 20 17 by KEVIN JOHNSON who:

[X] is personally known; or

[ ] produced identification _____.



KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public

(SEAL)

-18-