**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KEVIN JOHNSON,

    Plaintiff,

v.                                          Case No. 2:17-cv-00199-UA-MRM

NATIONSTAR MORTGAGE, LLC,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S AFFIRMATIVE DEFENSES**

COMES NOW the Plaintiff, KEVIN JOHNSON, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a) and 12(f), and hereby moves this Honorable Court to strike the Affirmative Defenses filed by Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter "Defendant" or "Nationstar"), on May 24, 2017.  As grounds therefore, Plaintiff states the following:

**PROCEDURAL HISTORY**

Plaintiff filed the instant complaint on April 14, 2017, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55, *et seq.* (Doc. No. 1).  Defendant filed its Answer and Affirmative Defenses to the Complaint on May 24, 2017 (Doc. No. 16), which included a total of ten affirmative defenses.

Defendant's Affirmative Defenses are all defective in some fashion such that they are due to be stricken.  The defenses, in general, are wholly conclusory, contain no

1

factual support or context, and are simply formulaic recitations of generic legal doctrines. These conclusory assertions cannot satisfy the relevant pleading standard under either Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, some of the Defendant's Affirmative Defenses are not affirmative defenses at all, but mere denials of allegations of Plaintiff's Complaint, or are simply inapplicable to the case at bar. Accordingly, Defendant's Affirmative Defenses are due to be stricken as discussed *infra*.

## LEGAL STANDARDS

It is well established that courts have broad discretion to strike insufficient affirmative defenses. *See* Fed. R. Civ. P. 12(f); *see also Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D 681 (M.D. Fla. 2002) (striking affirmative defense for failure to plead sufficient facts in support of defense). Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense[.]" Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money' in litigating issues which can be seen to have no bearing on the outcome." *S.E.C. v. Weil*, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a complicated lawsuit" is favored).

Pursuant to Rule 8(a), defendants must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. *See* Fed. R. Civ. P. 8(a); *see also Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS

61608, *8-9 (S.D. Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which they rest) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)); *Microsoft*, 211 F.R.D. at 684.  Courts have firmly held that a defendant must do more than make conclusory allegations.  *See*, *e.g.*, *Microsoft*, 211 F.R.D. at 684.  If the affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." *Id.* (citations omitted).

## LEGAL ARGUMENT

As a whole, Defendant's bare bones assertion of its defenses fails to comply with the pleading requirements of Rule 8(a).  *Groves v. Dury*, 2006 WL 2556944 *2 (M.D. Fla. 2006) (Steele, J.); *Microsoft*, 211 F.R.D. at 684 (finding that when an affirmative defense fails to include more than "bare bones conclusory allegations, it must be stricken") (citations omitted).  Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  *See Twombly*, 550 U.S. at 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 WL 5157683, *9 (N.D. Fla. 2008) (dismissing affirmative defense for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present).

Many of Defendant's affirmative defenses are wholly inadequate to provide the Plaintiffs with proper notice as to what actions and conduct give rise to such vague,

conclusory defenses. Defendant fails to allege any sufficient facts in support of many of its affirmative defenses. By way of example, in its Third Affirmative Defense, Defendant simply alleges that "Plaintiff's claims fail in whole or in part to state a claim upon which relief can be granted, including but not limited to, because Plaintiff fails to allege specific facts to support their vague and uncertain conclusions and/or allege or otherwise raise issues of fact." Ans. and Aff. Def., pg. 15. Consequently, under Rule 8(a) and well-established case law, Defendant's affirmative defenses, as a whole, are insufficiently pled and should be stricken. Plaintiff will discuss each affirmative defense in greater detail below.

Furthermore, Plaintiff has brought the instant action, in part, under the Fair Debt Collection Practice Act and its state counterpart, the Florida Consumer Collection Practice Act. Since the FDCPA is a federal statutory cause of action, the available defenses are limited to those outlined in the statute itself. *See Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("[t]he elements of, and the defenses to, a federal cause of action are defined by federal law"); *see also Sayyed v. Wolpoff & Abramson*, 485 F. 3d 226, 232 (4th Cir. 2007) ("[t]o insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text[.]"). Moreover, the FDCPA is a strict liability statute. *See Clark v. Capital Credit & Collection Servs.*, 460 F. 3d 1162, 1175 (9th Cir. 2006); *see also Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33 (2d Cir. 1996).

In a case brought under the FDCPA, there are only three available defenses pursuant to 15 U.S.C. § 1692k(c)-(e): bona fide error, statute of limitations, and

conformity with an advisory opinion of the Federal Trade Commission. While Plaintiff also brought this action under the FCCPA, it is conceivable that other defenses proposed by the Defendant, if properly pled, may be applicable to causes of action under the FCCPA. However, Florida Statute § 559.77(5) states that "[i]n applying and construing this section, due consideration and great weight shall be given to interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Accordingly, it is apparent that when drafting the provisions of the FCCPA, it was the legislature's intent that courts look to the FDCPA for guidance when deciding issues under the FCCPA.

Plaintiff submits that Defendant's Affirmative Defenses, to the extent that such defenses are not applicable to causes of action brought under the FDCPA, are equally inapplicable to causes of action brought under the FCCPA. Accordingly, based on that argument *alone*, Plaintiff submits that none of Defendant's affirmative defenses are proper under the facts of this case.

A.   **Defendant's First Affirmative Defense**

In its first listed affirmative defense, Defendant alleges that "Nationstar conducted itself in conformity with applicable laws and regulations[.]" This defense is merely a denial of the allegations in Plaintiff's Complaint that Nationstar's conduct was in violation of the FDCPA and the FCCPA, specifically ¶¶ 17-23, 28-31, 36-39, 44-47, 52-55, 60-63, 68-7, 76-79, 83-87, and 91-95. Accordingly, this defense is insufficient and must be stricken. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d

1314, 1318 (S.D. Fla. 2005) (internal citations omitted); *see also In re Rawson Food Service, Inc.*, 846 F. 2d 1343, 1349 (11th Cir. 1988).

Defendant's first listed affirmative defenses also states that its conduct as alleged in the Complaint is lawful because "the CFPB requires that Nationstar send the regular monthly statements at issue." This, however, is incorrect. *See Roth v. Nationstar Mortgage*, LLC, 2016 WL 3570991, *7 (M.D. Fla. 2016) ("[t]he Bureau of Consumer Financial Protection has clarified that a period statement is <u>not required</u> for mortgage debts discharged in bankruptcy proceedings"). Accordingly, to the extent Defendant relies on this fact in its first affirmative defense, the defense must be stricken.

Finally, Defendant's first affirmative defenses says that "the mortgage specifically allows Nationstar to collect on the debt, including but not limited to, filing the foreclosure, sending monthly statements, and contacting Plaintiff by telephone" and that "such communications were sent in good faith." While the mortgage may allow the Defendant to take action to collect money owed, the basis of Plaintiff's Complaint is that such money was no longer owed when Defendant made the collection attempts. Whether the communications were made in "good faith" is irrelevant if the Defendant was attempting to collect a debt that was discharged in bankruptcy and thus no longer due and owing. Accordingly, to the extent that Defendant relies on the provisions of the mortgage and its alleged "good faith", this defense is irrelevant and immaterial to this action, and must be stricken.

B.   **Defendant's Second Affirmative Defense**

In its second listed affirmative defense, Defendant states that "Plaintiff's claims fail because the Informational Statements sent by Nationstar to the Plaintiff would inform even the least sophisticated consumer that Nationstar was not attempting to collect, assess or recover a discharged debt individually from the Plaintiff." Defendant cites *Helman v. Bank of America, N.A.*, 2017 WL 1350728 (11th Cir. 2017) in support of this defense. *Helman* is an unpublished case and is of limited precedential value. Nevertheless, in a vacuum, this defense may be appropriate. However, it is not appropriate here, where the particular circumstances of this case clearly show that Defendant *specifically told Plaintiff that its communications were an attempt to collect debt because the bankruptcy discharge did not matter, and Plaintiff was still personal obligated*. *See* Compl., ¶ 22. Accordingly, this defense is not appropriate under the facts and circumstances of this case, and must be stricken.

More importantly, in the Eleventh Circuit, "unpublished decisions, with or without opinion, are not precedential and they bind no one." *Ray v. McCullough Payne & Haan, LLC*, 838 F. 3d 1107, 1110 (11th Cir. 2016), *citing* 11th Cir. R. 36-2; *see also United States v. Irey*, 612 F. 3d 1160, 1215 n.34 (11th Cir. 2010). Meanwhile, this Honorable Court has previously ruled on the exact same language, in the exact same statements, sent by the exact same defendant, and under the exact same circumstances as in the case at bar, and found that "from the perspective of the least sophisticated consumer, it is in fact difficult to conceive of any creditable reason for Nationstar to send the Informational Statement other than to pressure Plaintiff into making payments on the

7

mortgage debt for which her personal liability had already been discharged." *Roth v. Nationstar Mortgage, LLC*, 2016 WL 3570991, *3 (M.D. Fla. 2016). Accordingly, Defendant's reliance on *Helman* is misplaced, and Defendant's Second Affirmative Defense must be stricken.

C. **Defendant's Third and Seventh Affirmative Defenses**

In its third listed affirmative defense, Defendant states that "Plaintiff's claims fail in whole or in part to state a claim upon which relief can be granted, including but not limited to, because Plaintiff fails to allege specific facts to support their vague and uncertain conclusions and/or allege or otherwise raise issues of fact." Similarly, Defendant's seventh listed affirmative defenses states that "Plaintiff has failed to state a cause of action for which relief can be granted because Plaintiff has failed to state a prima facie case of, or cause of action for, violations of the FDCPA or FCCPA against Nationstar.

Pursuant to Local Rule 3.01(g), the parties discussed these defenses via telephone on June 12, 2017 at 2:00 pm in an attempt to resolve this motion in whole or in part without judicial intervention. During such discussion, Defendant agreed to withdraw its Third and Seventh Affirmative Defenses.

D. **Defendant's Fourth Affirmative Defense**

In its fourth listed affirmative defense, Defendant states that the "Informational Statements and telephone calls allegedly made by Nationstar to Plaintiff were acts in the ordinary course of business between Nationstar and Plaintiff while Nationstar held a security interest in the Property and the acts were limited to seeking or obtaining period

payments associated with a valid security interest in lieu of pursuit of *in rem* relief to enforce the lien." To the extent that Defendant's Fourth Affirmative Defenses states that the communications were attempts to enforce a security interest *only*, this defense is a mere denial of the allegations of Plaintiff's Complaint, specifically ¶¶ 21-23, 29-31, 36-39, 44-47, 52-55, 60-63, 68-71, 76-79, 83-87, and 91-95. *See Morrison*, 434 F. Supp. 2d at 1318; *see also Rawson*, 846 F. 2d at 1349; *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000) (defenses that merely restate denials in an answer are both unnecessary and inappropriate). Plaintiff's suit does not complain of actions taken to enforce Defendant's *in rem* security interest in the property; rather, Plaintiff complains only about those actions taken in an attempt to collect *in personam* relief from him despite his bankruptcy discharge. This affirmative defense is merely a denial that the actions complained of by Plaintiff were attempts by Defendant to collect the debt, and should be treated as such.

Further, whether the contacts complained of by Plaintiff were made in the "ordinary course of business between Nationstar" and its customers is wholly irrelevant to whether the actions are violative of the FDCPA or the FCCPA. Accordingly, Defendant's Fourth Affirmative Defense is irrelevant and due to be stricken as such.

E.     **Defendant's Fifth and Sixth Affirmative Defenses**

In its fifth listed affirmative defense, Defendant states that "Plaintiffs' [sic] claims fail because they are based on the allegation that Nationstar attempted to collect on a deficiency balance allegedly discharged in the Chapter 7 bankruptcy filed on September 27, 2013 that had not accrued at the time of the filing of the bankruptcy petition."

9

Similarly, Defendant's sixth listed affirmative defense states that "Plaintiff's claims for damages fail because Nationstar was not attempting to collect a debt that had been discharged in bankruptcy because any alleged deficiency as a result of the foreclosure of the Property had not been determined prior to the filing of the Chapter 7 bankruptcy."

Defendant's Fifth and Sixth Affirmative Defenses are predicated on the fact that, because the Plaintiff used the word "deficiency" in association with the mortgage debt in his bankruptcy petition, that somehow the debt excluded from the scope of the Chapter 7 discharge. However, in a no-asset Chapter 7 bankruptcy case such as Plaintiff's, *the debt would have been discharged even if Plaintiff omitted it from his bankruptcy schedules entirely*, so long as the creditor received notice of the bankruptcy filing. *See In re Garza*, 138 B.R. 100, 101 (Bankr. M.D. Fla. 1992) (ruling that a debt is discharged in a no-asset Chapter 7 bankruptcy when a creditor is noticed, even if the debt is omitted). It is clear from the Complaint that the debt was not omitted (*see* Compl., Ex. B) and that Defendant's predecessor in interest to the debt was noticed (*see* Compl., Ex. C). It is further evident that neither Defendant or any predecessor in interest to the debt challenged the dischargeability of the debt or objected to discharge of the debt (*see* Compl.,¶ 16), nor has Defendant affirmatively claimed otherwise. Accordingly, as a matter of law, Defendant's Fifth and Sixth Affirmative Defenses are wholly irrelevant to this action, and are therefore due to be stricken.

**F.     Defendant's Eighth and Ninth Affirmative Defenses**

In its eighth listed affirmative defense, Defendant states that Plaintiff's "Complaint is barred, in whole or in part, or subject to reduction because Plaintiff's cause

of action, if any, would not have accrued absent his failure to pay his mortgage loan. Any efforts by Nationstar to collect on the mortgage loan is [sic] a direct result of Plaintiff's failure to pay his mortgage loan, and is not a violation of the FDCPA or FCCPA. Had Plaintiff not defaulted on his mortgage loan, he would not have sustained any purported damages." Similarly, Defendant's ninth listed affirmative defenses states that Plaintiff's "Complaint is barred, in whole or in part, or subject to reduction by the doctrine of 'unclean hands' because Plaintiff's causes of action, if any, would not have accrued absent his failure to pay his mortgage."

To the extent that these defenses seek setoff, or otherwise claim that any damages awarded to Plaintiff in this case must be minimized based on amounts allegedly owed to Defendant on the mortgage debt, these defenses rely on a *gross* misunderstanding of consumer and bankruptcy law. As this Court has previously stated:

> The Florida legislature enacted the FCCPA as a means of regulating debt collection practices. In addition to eradicating abusive practices, the FCCPA aims to protect each consumer's right to privacy. If these goals are to be reached, consumer collection agencies must appreciate the real penalties for violating the FCCPA. Otherwise, the FCCPA will have little to no deterrent effect. If a consumer collection agency knows that it can engage in harassing and obnoxious debt collection practices with the best outcome being that it squeezes money from consumers and the worst being that the consumer's debt is merely reduced by penalties imposed under the FCCPA – with no money ever coming out of the collection agency's pocket – the collection agency will have no reason to play by the rules.

*In re Runyan*, 530 B.R. 801, 808-09 (M.D. Fla. 2015); *see also Brook v. Chase Bank USA, N.A.*, 566 Fed. Appx. 787 (11th Cir. 2014) (upholding bankruptcy court's ruling

11

that damages awarded under a penal statute such as the FCCPA cannot be set off against a debt discharged in bankruptcy).

To the extent that these defenses claim that Plaintiff's failure to pay the mortgage debt prior to filing bankruptcy somehow gives him "unclean hands" in this case, that is not a defense to a cause of action under the FDCPA or the FCCPA. *See Mejia v. Marauder Corp.*, 2007 WL 806486, *5 (N.D. Cal. 2007) (stating that unclean hands is not a defense to an FDCPA action because the FDCPA does not distinguish between debtors based on intent); *see also Keele v. Wexler*, 149 F. 3d 549, 596 (7th Cir. 1998) (stating that there is no "fraud exception to the FDCPA").

Finally, to the extent that these defenses claim that Plaintiff is somehow at fault for the violations because he failed to pay his mortgage, thus putting the mortgage into default and prompting collection efforts by Defendant, the defenses must be stricken as a logical fallacy. The most obvious problem with these defenses are that they essentially state that if Plaintiff didn't want to be harassed by Defendant, he should have paid his mortgage – which is directly contrary to the purpose and spirit of both the FDCPA and the FCCPA. However, even more importantly, these defenses state that Defendant should not be held liable because the violations would not have occurred if Plaintiff had not first defaulted on the debt by failing to pay it. This cannot be a defense to an FDCPA action, *because by definition the debt must be in default before the FDCPA is even triggered. See Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1208 (5th Cir. 1985) ("[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of a

debt, *as long as the debt was not in default at the time it was assigned*" (emphasis added)). As these defenses simply cannot apply here, because Plaintiff doesn't even have a cause of action until the debt is in default, these defenses must be stricken as irrelevant and immaterial to this case.

G.   **Defendant's Tenth Affirmative Defense**

In its tenth listed affirmative defense, Defendant alleges that Plaintiff's "Complaint is barred in whole or in part to the extent it relies of [sic] actions taken or not taken by Nationstar in anticipation of filing, or during the course of, any action to foreclose on the Note and Mortgage." This defense, known as Florida's "litigation privilege" or "litigation immunity" defense, does not apply to federal claims, including the FDCPA. *See Rotenberg v. MLG, P.A.*, 2013 WL 5664886, *4 (S.D. Fla. 2013), *citing Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1380 (S.D. Fla. 2008); *see also Dyer v. Choice Legal Group P.A.*, 2015 WL 3650925, *1 (M.D. Fla. 2015) ("Florida's litigation privilege does not apply to claims brought under federal law"). Accordingly, as applied to Plaintiff's FDCPA claims, this defense is inapplicable and must be stricken.

Further, litigation immunity only arises "upon the doing of any act required or permitted by law in the due course of the judicial proceedings." *Levin, Middlebrooks, Mabie, Thomas, Moves & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606 (Fla. 1994), *quoting Fridovich v. Fridovich*, 598 So. 2d 65, 66 (Fla. 1992). "[N]ot every event bearing any relation to litigation is protected by the [litigation] privilege because […] '[i]f the litigation privilege applied to all actions preliminary to or during judicial proceedings, an abuse of process claim would never exist, nor would a claim for

13

malicious prosecution." *North Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1330 (M.D. Fla. 2009), *quoting SCI Funeral Services of Fla., Inc. v. Henry*, 839 So. 2d 702, 706 n.4 (Fla. 3d DCA 2002). In construing the litigation privilege as applied to the FDCPA and FCCPA, courts have ruled that communications not related to the prosecution or defense of a foreclosure action are not protected by the litigation privilege. *See Monroe v. Citimortgage, Inc.*, 2007 WL 2071284, *3 (M.D. Fla. 2007) ("Plaintiffs argue, and the Court agrees, that because the payoff letters were not a 'required condition precedent to foreclosure proceedings, and were not related to the prosecution or defense of a foreclosure suit,' they should not be protected by the litigation privilege"), *citing Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 386 (Fla. 2007).

Here, the communications which Plaintiff has alleged to be violations of the FDCPA and FCCPA are billing statements and phone calls which requested *payment of the mortgage debt*. As in the cases cited above, these are not communications which are required for, or related to, an action to foreclose the mortgage. This is particularly so in this case, where the foreclosure action neither sought, nor could obtain, *in personam* relief due to the debt being discharged in Plaintiff's bankruptcy. Accordingly, the litigation privilege cannot apply to bar Plaintiff's claims, and thus Defendant's Tenth Affirmative Defense must be stricken.

WHEREFORE the Plaintiff, KEVIN JOHNSON, respectfully requests this Honorable Court enter an order striking Defendant's Affirmative Defenses (Doc. No. 16), and granting any further relief that this Honorable Court deems just and proper.

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned conferred with counsel for the Defendant via telephone on June 12, 2017 at 2:00 pm in an attempt to resolve the issues raised in this motion before filing same. Defendant agreed to withdraw its third and seventh affirmative defenses as discussed *supra*; however, Defendant did not agree to withdraw or amend its remaining affirmative defenses.

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system and the following parties received electronic notification through the CM/ECF system:

Jason R. Bowyer
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
jbowyer@mcguirewoods.com
flservice@mcguirewoods.com
*Counsel for Defendant, Nationstar Mortgage, LLC*

Sara F. Holliday-Tobias
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
stobias@mcguirewoods.com
flservice@mcguirewoods.com
*Counsel for Defendant, Nationstar Mortgage, LLC*

Emily Y. Rottmann
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
*Counsel for Defendant, Nationstar Mortgage, LLC*


Dated: June 12, 2017	*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By:  /s/ Joseph C. LoTempio
     Joseph C. LoTempio, Esq.
     Fla. Bar No. 0086097
     jlotempio@dellutrilawgroup.com