UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JOHNSON,

    Plaintiff,

v.　　　　　　　　　　　　　　　Case No: 2:17-cv-199-FtM-99MRM

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #18) filed on June 12, 2017. Defendant filed a Response in Opposition (Doc. #24) on July 14, 2017. Defendant asserts ten defenses to the claims set forth in the Complaint, but only six are at issue here.[1] Plaintiff seeks to strike Affirmative Defenses 1, 2, 4, 5, 6, and 8 (Doc. #16) asserted by Nationstar Mortgage, LLC, pursuant to Fed. R. Civ. P. 12(f) and 8(b)(1)(A). Plaintiff seeks to strike the First and Fourth Affirmative Defenses because they are denials and not true affirmative defenses; and to strike the Second, Fifth, Sixth, and Eighth Affirmative Defenses because they fail to state a claim. For the reasons set forth below, the motion is granted in part and denied in part.

---

[1] As defendant has agreed to withdraw affirmative defense nos. 3, 7, 9, and 10, only affirmative defense nos. 1, 2, 4, 5, 6, and 8 are at issue in the Motion to Strike.

**I.**

In 2005, plaintiff Kevin Johnson obtained a home mortgage loan from Countrywide Home Loans, Inc., and fell behind on payments beginning in 2013. In 2013, plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code. He subsequently received a discharge pursuant to Section 727 of the Bankruptcy Code, which included the home mortgage loan.

Following plaintiff's discharge from bankruptcy, Nationwide[2] continued to send him "Informational Statements" regarding the status of the loan and began calling plaintiff regarding the loan. Johnson responded by filing this action, alleging violations of both federal and Florida law pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 et seq.[3] (Doc. #1.)

---

[2] Countrywide was purchased by Bank of America, who subsequently transferred service of the mortgage loan to Nationwide.

[3] To state a claim under the FDCPA, the complaint must allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Eke v. FirstBank Fla., 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011). See also Trent v. Mortg. Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) (stating, "when applying the provisions of the FCCPA, 'great weight shall be given to the interpretations of...the federal courts relating to the federal Fair Debt Collection Practices Act' " (quoting Fla. Stat. § 559.77(5) (2010))).

**II.**

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

As this Court recently discussed in some detail, affirmative defenses must comply with two separate pleading requirements. First, the defense, as plead, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. PK Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (quoting Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016)). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense. Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S.

Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).

Second, a defendant must avoid pleading shotgun affirmative defenses, viz., "affirmative defenses [that] address[] the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014). Rather, each defense must address a specific count or counts in the complaint or clearly indicate that (and aver how) the defense applies to all claims. See Byrne, 261 F.3d at 1129; see also Lee v. Habashy, No. 6:09-cv-671-Orl-28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them, with leave to replead. See Paylor, 748 F.3d at 1127; Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

**A. First and Fourth Affirmative Defenses**

In the First and Fourth Affirmative Defenses, defendant refers to its right under the mortgage at issue to enforce its security interest through an *in rem* foreclosure action and states that Nationwide did not seek to collect a debt personally from plaintiff. The defenses otherwise state that Nationstar's conduct was in conformity with applicable laws and regulations. Plaintiff

moves to strike the defense on the ground that it is a merely a denial of plaintiff's allegations, not a proper affirmative defense.

The Court finds that the affirmative defenses are sufficiently pled. Under 11 U.S.C. § 524(j), a creditor may seek "periodic payments associated with a valid security interest in lieu of pursuit of *in rem* relief to enforce the lien." § 524(j)(3). The defenses put plaintiff on notice that defendant will be raising the issue of its good faith belief that it was not violating the FDCPA and FCCPA and was merely asserting its available rights.

**B. Second Affirmative Defense**

In the Second Affirmative Defense, defendant alleges that the Informational Statement sent by Nationstar to plaintiff would inform even the "least sophisticated consumer that Nationstar was not attempting to collect, assess, or recover a discharged debt individually from plaintiff," citing Helman v. Bank of America, 685 F. App'x 723 (11th Cir. 2017). "Whether a communication contains an implied assertion of the right to proceed personally is a question we approach from the perspective of the least sophisticated consumer." Id. at *2. Plaintiff argues this should be stricken because Helman is an unpublished opinion and because Nationwide told plaintiff that he was still *personally* obligated to pay the debt after the discharge. Nationstar responds that its

defense of this case is that although it sent Informational Statements and made telephone calls to plaintiff, Nationstar was justified in doing so pursuant to the Bankruptcy Code, 11 U.S.C. § 524(j), in its efforts to enforce the mortgage *in rem*.

The Court finds that the Second Affirmative Defense is sufficiently pled as it sets forth facts that have a direct relationship between the defense and the facts alleged in the Complaint to put plaintiff on notice of Nationstar's defenses.

### C. Fifth and Sixth Affirmative Defenses

Defendant's Fifth and Sixth Affirmative Defenses allege that Nationstar was not attempting to collect on a debt that had been discharged in bankruptcy because a deficiency balance had not been determined prior to the time of the Chapter 7 bankruptcy. Plaintiff argues that these defenses fail as a matter of law because in a no-asset Chapter 7 bankruptcy, the debt would have been discharged so long as the creditor received notice of the bankruptcy filing. Defendant believes this is an argument more appropriately raised in a motion for summary judgment and that the defenses adequately allege sufficient facts to rebut the allegations in the Complaint.

The Court finds that the Fifth and Sixth Affirmative Defenses are sufficiently pled as they sets forth facts that have a direct relationship between the defense and the allegations in the Complaint. Although the parties dispute whether the debt was

discharged, the affirmative defenses state a sufficient nexus with the facts in the case, which if true, could require judgment for defendant.

**D. Eighth Affirmative Defense**

Nationstar's Eighth Affirmative Defense asserts that plaintiff's Complaint is barred because any efforts to collect on plaintiff's mortgage loan is a direct result of plaintiff's failure to pay his mortgage and therefore is not a violation of the FDCPA and the FCCPA. Plaintiff argues that the defense should be stricken because "unclean hands" if not a defense to a cause of action under the FDCPA or the FCCPA. Defendant responds that the defense is an avoidance of plaintiff's allegations that Nationstar improperly sought to collect a debt by enforcing is valid security interest *in rem* and that its efforts in doing so were not in violation of the Acts. Yet this is not what the Eighth Affirmative Defense states and the FDCPA and FCCPA otherwise allow for a cause of action even if the debtor fails to make payments. "The FDCPA is a consumer protection statute that imposes open-ended prohibitions on, *inter alia*, false, deceptive, or unfair debt-collection practices," equipping debtors with a private right of action against debt collectors. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014). The Court does not see – and defendant cites no case law in support – how a debt collector may defend itself from liability for its practices by alleging

that the debtor put the parties in the situation in the first place. Such an argument seems to be the antithesis of consumer-protection statutes such as the FDCPA and FCCPA.[4]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #18) is **granted in part and denied in part.** The Motion to Strike is **denied** as to Affirmative Defenses One, Two, Four, Five, and Six; and **granted** as to Affirmative Defense Eight. Affirmative Defenses Three, Seven, Nine, and Ten are **deemed withdrawn**.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of August, 2017.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[4] Congress passed the FDCPA in 1977 to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress determined that "[e]xisting laws and procedures" were "inadequate" to protect consumer debtors. Id. at § 1692(b).